UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CYNTHIA ABBOTT,

                    Plaintiff,                    **DECISION AND ORDER**

        v.                              1:15-CV-00531 EAW

WYOMING COUNTY SHERIFF'S
OFFICE,

                    Defendant.
_____

      Plaintiff Cynthia Abbott ("Plaintiff") brings this action against defendant Wyoming County Sheriff's Office ("Defendant"), alleging that she was discriminated against in her employment due to disability and retaliated against when she complained of the discrimination.  (Dkt. 1).

      Defendant has filed a renewed motion for summary judgment as to Plaintiff's claims of a hostile work environment under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* (the "ADA") and the New York Human Rights Law, New York Executive Law §§ 290 *et seq.* (the "NYHRL").  (Dkt. 62).  Defendant filed a prior motion for summary judgment (Dkt. 39), which the Court granted in part and denied in part on September 26, 2019 (Dkt. 61).  In particular, the Court granted Defendant's motion as to any claim by Plaintiff for punitive damages and denied Defendant's motion as to Plaintiff's claims for discrimination and retaliation under the ADA and the NYHRL. (*Id.* at 29-30).  The Court further denied Defendant's motion with respect to Plaintiff's

hostile work environment claims, "but without prejudice to the filing of a renewed motion for summary judgment addressing solely these claims. . . ." (*Id.*).

Defendant filed its renewed motion for summary judgment as to Plaintiff's hostile work environment claims on October 24, 2019. (Dkt. 62). Plaintiff filed her responsive papers on November 22, 2019. (Dkt. 64). In her response, Plaintiff states that she "respectfully withdraws only the hostile work environment cause of action in violation of the ADA and hostile work environment cause of action in violation of the NYHRL[.]" (*Id.* at 4). However, Plaintiff takes issue with the Defendant's arguments in support of its motion for summary judgment, and states that she "opposes any consideration of the rationale . . . set forth by Defendant." (*Id.*). Defendant did not file any reply papers, despite having been given the opportunity to do so. (*See* Dkt. 63 (ordering Defendant to file reply papers by December 6, 2019)).

The Court construes Plaintiff's filing as a request to voluntarily dismiss her hostile work environment claims. Pursuant to Federal Rule of Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request . . ., on terms that the court considers proper." Although Rule 41(a)(2) refers to dismissal of an "action," it may be used to dismiss less than the entire case. *See Guigliano v. Danbury Hosp.*, 396 F. Supp. 2d 220, 224 (D. Conn. 2005). "The decision whether to grant a Rule 41(a) motion for voluntary dismissal lies within the sound discretion of the court." *Resto-Otero v. Mohammad*, No. 9:17-CV-1115 GLS ML, 2019 WL 4544540, at *1 (N.D.N.Y. Sept. 19, 2019).

Here, the Court sees no reason to deny Plaintiff's request for voluntary dismissal, inasmuch as all parties agree that Plaintiff's hostile work environment claims should no

longer be a part of this action, and Defendant will not be prejudiced by the dismissal. *See Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) ("[T]he presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result."), *aff'd*, 125 F.3d 845 (2d Cir. 1997).

The presumption is that voluntary dismissal under Rule 41(a)(2) is without prejudice. *See* Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). The Court sees no reason to depart from the usual rule here.[1] *See Payer ex rel. Transition Metals Tech., Inc. v. The SGL Carbon, LLC*, No. 05-CV-0226E(F), 2006 WL 2714190, at *10 (W.D.N.Y. Sept. 22, 2006) (granting voluntary dismissal without prejudice after motion for summary judgment was filed where it was "clear to the Court that neither party wishes that the claims proceed at this time").[2]

For these reasons, the Court grants Plaintiff's request and dismisses Plaintiff's hostile work environment claims without prejudice pursuant to Rule 41(a)(2). The Court accordingly denies Defendant's renewed motion for summary judgment (Dkt. 62) as moot.

---

[1]  The Court notes that Defendant had the opportunity to oppose Plaintiff's request to withdraw her hostile work environment claims or to argue that any dismissal should be with prejudice and did not do so.

[2]  The distinction between a dismissal with or without prejudice is largely academic, inasmuch as the statute of limitations for any hostile work environment claim based on the events at issue here has long since run. *See In re IndyMac Mortg.-Backed Sec. Litig.*, 718 F. Supp. 2d 495, 504 (S.D.N.Y. 2010) ("The general rule . . . is that a voluntarily dismissed complaint does not toll the statute of limitations." (footnotes omitted)).

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: May 13, 2020
        Rochester, New York